UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jack Ferranti, #45299-053 | Civil Action No.: 5:13-3472-BHH |
| Petitioner, | |
| vs. | **Opinion and Order** |
| Kenny Atkinson, Warden, | |
| Respondent. | |

This matter is before the Court upon the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 33), which recommends that the respondent's motion for summary judgment (ECF No. 13) be granted and the petitioner's § 2241 petition be dismissed *with prejudice*. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Kaymani D. West for pretrial handling and a Report and Recommendation. The Court agrees with the Report, and will grant the motion for summary judgment and dismiss the petition *with prejudice*.

**BACKGROUND**

The petitioner Jack Ferranti ("the petitioner"), a federal prisoner who is proceeding *pro se,* brought this action pursuant to 28 U.S.C. § 2241 seeking an order, *inter alia*, restoring his good conduct time. The Magistrate Judge filed her Report on June 24, 2014, and the Clerk of Court entered the petitioner's objections on July 10, 2014. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court

2

may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

The petitioner's objections are only conclusory statements, meritless contentions, and arguments that the Magistrate Judge has already considered and rejected. And, because the court agrees with the Magistrate's cogent analysis, it need not discuss the petitioner's claims for a second time here. Therefore, the court will overrule the petitioner's objections.

## CONCLUSION

After a thorough review of the Report, the record, and the applicable law, the Court finds that the petitioner's objections are without merit. Accordingly, the Court adopts the Report and incorporates it herein. It is therefore ORDERED that the respondent's motion for summary judgment (ECF No. 13) is GRANTED and the petitioner's § 2241 petition is DISMISSED *with prejudice*.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

March 30, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.